IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CRAIG JOHN CHISHOLM,<br><br>Petitioner, | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |
| vs. | |
| UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 1:13-CV-23 TS<br><br>Criminal Case No. 1:10-CR-84 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

On July 21, 2010, Petitioner Craig John Chisholm was charged in an Indictment with possession of methamphetamine with intent to distribute, possession of heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession of a firearm.  On August 18, 2010, Petitioner was named in a Superseding Indictment,

which contained additional charges of possession of methamphetamine with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession of a firearm. A Felony Information was filed on August 31, 2011, charging Defendant with being a felon in possession of a firearm, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense.

Petitioner pleaded guilty to the charges contained in the Felony Information on August 31, 2011. As part of his plea agreement, Petitioner "knowingly, voluntarily, and expressly waive[d] [his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[1]

Petitioner was sentenced, on January 26, 2012, to a term of imprisonment of 200 months. Judgment was entered the following day. Petitioner did not pursue direct appeal. The instant Motion was received by the Court on January 30, 2013.

## II.  DISCUSSION

Petitioner raises three arguments in his Motion: (1) his sentence is unconstitutional; (2) he received ineffective assistance of counsel; and (3) his conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments of the United States Constitution. For the reasons stated below, the Court finds that all of Petitioner's claims are barred by the collateral appeal waiver contained in his plea agreement and must be dismissed.

---

[1]Case No. 1:10-CR-84 TS, Docket No. 67, at 5.

The Tenth Circuit has established a three-part test based upon contract principles to interpret appeal waivers.[2]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[3]  The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights.'"[4]  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[5]  With these principles in mind, the Court proceeds with its analysis.

1.      *Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[6]

---

[2] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[3] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[4] *Id*. (internal citations and quotations omitted).

[5] *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

[6] Case No. 1:10-CR-84 TS, Docket No. 67, at 5.

3

The Court finds that the language of the plea agreement is clear and unequivocal. Petitioner waived any right to bring a collateral attack on his sentence, including a motion brought pursuant to 28 U.S.C. § 2255.  Thus, Petitioner's entire Motion would be barred by the language of this waiver.

The Court recognizes, however, that such collateral appeal waivers do not prohibit ineffective assistance of counsel claims challenging the validity of the plea or the waiver.[7] Petitioner's second claim challenges the effectiveness of his counsel "during the pretrial, plea, and sentencing."[8]  Thus, there is the potential that at least some portion of this claim survives the application of the collateral appeal waiver.

A close review of Petitioner's ineffective assistance claim, however, reveals that it falls short of what is required to come within the *Cockerham* exception.  Petitioner's ineffective assistance claim states, in full:

> Counsel did not investigate, develop a defense strategy, argue on [my] behalf at sentencing, and spent very minimal time with defendant.  Performance with respect to the motion and pleadings was insufficient and fell below professional standards.  He made unethical comments that did irreparable damage to the proceedings, ultimately influencing the outcome.[9]

Considering this statement, the Court finds that it does not constitute a claim of ineffective assistance of counsel challenging the validity of the plea or the waiver.  Petitioner does not appear to take issue with counsel's performance with regard to the plea or the waiver,

---

[7] *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[8] Case No. 1:13-CV-23 TS, Docket No. 1, at 4.

[9] *Id*.

except to make the general statement that counsel did not investigate or develop a defense strategy. Therefore, the Court finds that all of Petitioner's claims fall within the scope of the collateral appeal waiver. Even if Petitioner's second claim falls within the *Cockerham* exception, Petitioner's allegations of ineffective assistance are so conclusory that they could not support a claim of ineffective assistance.

2.     *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[10] In determining whether an appellate waiver is knowing and voluntary, the Court looks at: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[11] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[12]

Reviewing these items, the Court finds that Petitioner's collateral appeal waiver was knowing and voluntary, and Petitioner makes no arguments to the contrary.

3.     *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[13]

---

[10]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[11]*Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[12]*Id.* (internal citations omitted).

[13]*Id*. at 1327 (internal citations omitted).

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[14]

Petitioner bears the burden of establishing a miscarriage of justice.[15]

Petitioner does not raise any of these factors in his Motion and there is nothing in his Motion to support such a finding.  Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice.  As a result, the Court will enforce Petitioner's waiver and will dismiss his Motion.

III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 1:13-CV-23 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 1:13-CV-23 TS forthwith.

---

[14]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[15]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

6

DATED   February 20, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge